UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JANE DOE (R.N.H.), an
individual,

            *Plaintiff*,

        v.

WYNDHAM HOTELS & RESORTS, INC.;
DAYS INN WORLDWIDE, INC.; OM
KRUPA MAA LLC; S&S INVESTMENT
ENTERPRISES, LLC D/B/A SA HAIN
HOLDINGS, LLC; and PREET
HOSPITALITY INC.,

            *Defendants*.

No. 24-cv-10702 (MEF)(CLW)

**OPINION and ORDER**

\*     \*     \*

For the purposes of this brief Opinion and Order, the Court
largely assumes familiarity with the procedural history and
facts.

\*     \*     \*

One of the Defendants[1] has moved to dismiss for lack of personal
jurisdiction.[2]  See Motion to Dismiss (ECF 26) at 1.

The motion is denied without prejudice, to allow for
jurisdictional discovery.

---

[1]  Om Krupa Maa LLC.

[2]  There are a number of other defendants in this case.  They did
not join the motion.

* * *

As to corporations, "jurisdictional discovery should be allowed unless the plaintiff's [jurisdictional] claim is clearly frivolous." <u>Mass. Sch. of L. at Andover, Inc.</u> v. <u>Am. Bar Ass'n</u>, 107 F.3d 1026, 1042 (3d Cir. 1997) (cleaned up). Indeed, when it comes to corporations, there is, at least in some sense, a "presumption" of jurisdictional discovery. <u>See</u> <u>id.</u>; <u>see also</u> <u>Prestan Prods. LLC</u> v. <u>Innosonian Am., LLC</u>, 2024 WL 278985, at *3 (D.N.J. Jan. 25, 2024).

The Defendant here is a limited liability company. <u>See</u> Complaint (ECF 1) at p. 4 ¶ 17.

But there is every reason to believe that the <u>Andover</u> rule (as to corporations) also applies to limited liability companies.

There are two reasons to apply the <u>Andover</u> rule to limited liability companies.

<u>First</u>, "courts are expected to avoid potentially difficult legal questions when they can. And all the more so when the legal questions are constitutional." <u>Caduceus, Inc.</u> v. <u>Univ. Physician Grp.</u>, 713 F. Supp. 3d 30, 39 (D.N.J. 2024). And the jurisdictional questions are constitutional here. <u>See</u> footnote five below (explaining why).

The concern for constitutional avoidance is equally in play whether the defendant is a corporation or a limited liability company.

The <u>second</u> basis for the <u>Andover</u> rule: while a "[a] plaintiff can be expected to know enough about its <u>merits</u> claims to put together a complaint . . . it can sometimes be more difficult for a plaintiff to know enough about its <u>jurisdictional</u> claims --- where a defendant lives, for example, or how and with whom a defendant does business." <u>Prestan Prods.</u>, 2024 WL 278985, at *5 (citing <u>Rocke</u> v. <u>Pebble Beach Co.</u>, 541 F. App'x 208, 213 (3d Cir. 2013) and <u>Metcalfe</u> v. <u>Renaissance Marine, Inc.</u>, 566 F.3d 324, 336 (3d Cir. 2009)) (emphasis in original).

This concern may apply with extra force to limited liability companies. This is because information about LLCs is often harder to put hands on than information about a corporation. <u>See</u>, <u>e.g.</u>, 1 Larry E. Ribstein & Robert R. Keatinge, <u>Ribstein and Keatinge on Ltd. Liab. Cos.</u> § 4:7 (2025); 1 James D. Cox & Thomas Lee Hazen, <u>Treatise on the Law of Corporations</u> § 1:11 (4th ed. 2024).

In short: the Third Circuit's "presumption" as to jurisdictional discovery with respect to defendants that are corporations <u>also</u> kicks in when the defendant is a limited liability company.[3]

As noted, the Defendant here is a limited liability company. <u>See</u> Complaint at p. 4 ¶ 17.

Go forward, then, with the <u>Andover</u> rule analysis as to the Defendant.

                    *      *      *

"A jurisdictional claim is not 'clearly frivolous' so long as it 'suggests with reasonable particularity the possible existence of the requisite contacts between the defendant and the forum state.'" <u>Rose</u> v. <u>Ferrari N. Am., Inc.</u>, 2023 WL 8653924, at *1 (D.N.J. Dec. 14, 2023) (quoting <u>Toys "R" Us, Inc.</u> v. <u>Step Two, S.A.</u>, 318 F.3d 446, 456 (3d Cir. 2003)) (cleaned up).

On a motion to dismiss for lack of personal jurisdiction, when there has been no evidentiary hearing, the "plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." <u>Miller Yacht Sales</u>, 384 F.3d at 97.

Here, the Plaintiff[4] argues that the Court has specific jurisdiction over the Defendant.[5]

_____

[3] This Court has previously allowed jurisdictional discovery to proceed as to certain business entities that are not typical American corporations. <u>See</u> <u>VRC Consulting, Inc.</u> v. <u>Sternberg</u>, 2024 WL 3091956, at *1 (D.N.J. June 21, 2024) (a professional corporation); <u>Schneider</u> v. <u>Gymshark Ltd.</u>, 2024 WL 1443547, at *1 (D.N.J. Apr. 3, 2024) (a United Kingdom company).

[4] Jane Doe (R.N.H.).

[5] Recall: Om Krupa Maa LLC. Two points here. <u>First</u>, no one suggests there is general jurisdiction here over the Defendant. <u>Compare</u> Motion to Dismiss at 5, <u>with</u> Opposition Brief (ECF 27) at 5 n.3. And <u>second</u>, the standards here are supplied by the Due Process Clause of the federal constitution. This is because a federal court may exercise personal jurisdiction to the same extent as state courts in the state where the federal court sits. <u>See</u> Fed. R. Civ. P. 4(k)(1)(A); <u>Daimler AG</u> v. <u>Bauman</u>, 571 U.S. 117, 125, 134 (2014). And in New Jersey, that means

3

Take up that argument just below.

                    *       *       *

The Plaintiff alleges she was a victim of sex trafficking at the
Defendant's hotel and that the Defendant was liable for allowing
it to happen.  See Complaint at p. 8 ¶ 2, p. 4 ¶ 17.

Based on these allegations, the Plaintiff has pressed claims
under the Trafficking Victims Protection Reauthorization Act, 18
U.S.C. § 1581, et seq.  See id. ¶¶ 142-44 (perpetrator liability
under 18 U.S.C. §§ 1591(a), 1595(a)); id. ¶¶ 151-54 (beneficiary
liability under 18 U.S.C. § 1595(a)).

Walk through some of the jurisdictional allegations, taking them
here as true.  See Miller Yacht Sales, 384 F.3d at 97.

The Defendant operates a hotel in Texas.  See Complaint at p. 4
¶ 17.  The Defendant is a franchisee of a hotel franchisor ("the
Franchisor"); the Franchisor has its "principal place of
business in . . . New Jersey."  Id. p. 4 ¶ 11.

The Defendant's agreement with the Franchisor, per the
Complaint, suggests a number of connections between the
Defendant and New Jersey:

- The agreement's choice of law provision selects New Jersey
  law.  See id. p. 6 ¶ 24(b).

- The Defendant was required to follow rules and policies,
  "including those related to safety, security, human
  trafficking, employee training and response, from [the
  Franchisor's] principal place of business in New Jersey."
  Id. ¶ 24(e).

- The Defendant was required "to report information to [the
  Franchisor's] headquarters in New Jersey, including

_____

jurisdiction over a non-New Jersey defendant (like the Defendant
here) reaches as far as the United States Constitution allows.
See N.J. Court Rule 4:4-4; Charles Gendler & Co. v. Telecom
Equip. Corp., 102 N.J. 460, 469 (1986); see also Miller Yacht
Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004).

information about . . . sex trafficking victims." <u>Id</u>.
¶ 24(g).

- The Defendant and its employees received certain "training
  materials" as to "anti-trafficking protocols," and the
  Defendant was required to attend training as to the same in
  New Jersey.  <u>Id</u>. ¶ 24(j).

And moreover, it is said, the Defendant and the Franchisor were
part of a "venture" that permitted the trafficking to proceed.
For example, the Franchisor is alleged to have "implicitly
approved decision by franchisees [like the Defendant] . . . not
to report or respond to criminal activity including sex
trafficking appropriately." <u>Id</u>. ¶ 113(d).  Per the Complaint,
the Defendant was part of the venture by serving as "boots on
the ground" at a given hotel; the New Jersey Franchisor "played
a primary role in renting rooms . . . and retained control over
and was directly involved in hotel operations related to sex
trafficking." <u>Id</u>. ¶ 123.

                    *     *     *

The allegations set out just above indicate that the Plaintiff's
jurisdictional claim is not "clearly frivolous."

To see why, go through the three-part test for specific
jurisdiction.

                    *     *     *

A note at the outset: "[i]n the Third Circuit, the specific
jurisdiction inquiry is not trans-substantive." <u>Caduceus, Inc.</u>,
713 F. Supp. 3d at 35.

That means that what must be put forward to satisfy the three-
part jurisdictional test depends on the substance of the claim
before the Court, whether it is a contract claim, a tort claim,
or an intentional tort claim.  <u>See</u> <u>Danziger & De Llano, LLP</u> v.
<u>Morgan Verkamp LLC</u>, 948 F.3d 124, 130 (3d Cir. 2020).

The claims here against the Defendant sound in tort.  <u>See</u>
<u>Francisco</u> v. <u>Susano</u>, 525 F. App'x 828, 834 (10th Cir. 2013)
("[The Trafficking Victims Protection Act] creates a cause of
action for tortious conduct that is ordinarily intentional and
outrageous.") (cleaned up); <u>Ditullio</u> v. <u>Boehm</u>, 662 F.3d 1091,
1094 (9th Cir. 2011) ("[The Trafficking Victims Protection Act]
permits recovery of punitive damages because it creates a cause
of action that sounds in tort[.]"); <u>accord</u>, <u>e.g.</u>, <u>Wang</u> v. <u>Gold</u>

5

Mantis Constr. Decoration (CNMI), LLC, 705 F. Supp. 3d 1190,
1215 (D. N. Mar. I. 2021) (similar); Leiva v. Clute, 2020
WL 8514822, at *14 (N.D. Ind. Dec. 16, 2020) (similar); Castillo
v. CleanNet USA, Inc., 358 F. Supp. 3d 912, 945 (N.D. Cal. 2018)
(similar); Carazani v. Zegarra, 972 F. Supp. 2d 1, 26 (D.D.C.
2013) (similar).

\*    \*    \*

As to the first prong in a tort case, there can be specific
jurisdiction if a defendant "purposefully avail[ed] itself of
the privilege of conducting activities within the forum
[s]tate." Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592
U.S. 351, 359 (2021) (cleaned up).

In Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985), the
Supreme Court held that a restaurant franchisee physically
located in Michigan "purposefully availed himself" of the
protections of the forum state (Florida) when he contracted with
a Florida franchisor. Id. at 482 (cleaned up).

The defendant in that case "deliberately reached out beyond
Michigan and negotiated with a Florida corporation for the
purchase of a long-term franchise and the manifold benefits that
would derive from affiliation with a nationwide organization."
Id. at 479–80 (cleaned up).

Same thing here.

The Defendant has contracted with the Franchisor, and the
Franchisor is a citizen of the forum state, New Jersey. This is
enough, at least for now: as to this prong, the Plaintiff's
jurisdictional claim is not "clearly frivolous." Andover, 107
F.3d at 1042.

\*    \*    \*

In a tort claim like this one, the second prong of the
jurisdictional analysis asks: is there a "strong relationship
among the defendant, the forum, and the litigation"? Ford
Motor, 592 U.S. at 365 (cleaned up).

As to this prong, "[t]he plaintiff's claims . . . must arise out
of or relate to the defendant's contacts with the forum." Id.
at 359 (emphasis added and cleaned up). And therefore, the
analysis requires taking into account the claims pressed by the
Plaintiff and seeing if they bear a "strong relationship" with
the Defendant's conduct in the forum. See id. at 365.

Here, the claims against the Defendant are under the Trafficking Victims Protection Reauthorization Act --- because, per the Plaintiff, the Defendant is liable as a perpetrator and a beneficiary of the sex trafficking of the Plaintiff.  <u>See</u> Complaint ¶¶ 142-44 (perpetrator liability under 18 U.S.C. §§ 1591(a), 1595(a)); <u>id</u>. ¶¶ 151-54 (beneficiary liability under 18 U.S.C. § 1595(a)).[6]

Taking all of her allegations as true, <u>see</u> <u>Miller Yacht Sales</u>, 384 F.3d at 97, the Plaintiff's evidence is enough to not be "clearly frivolous," at least for now.  <u>Andover</u>, 107 F.3d at 1042.

The Plaintiff's allegations are that the Defendant was closely involved with the New Jersey Franchisor in renting rooms that were used by hotel guests for trafficking.  The Franchisor, as noted, is said to have "implicitly approved decisions by franchisees [like the Defendant] . . . not to report or respond to criminal activity including sex trafficking appropriately." <u>Id</u>. ¶ 113(d).

Such "implicit[] approv[al]" from the New Jersey Franchisor to its franchise, the Defendant, "relate[s]," <u>Ford Motor</u>, 592 U.S. at 365, to the Plaintiff's alleged violation of the Trafficking Victims Protection Reauthorization Act.

And this linking up of defendant and claim is enough for the second specific jurisdiction prong to make it over the low bar of "clearly frivolous." <u>Andover</u>, 107 F.3d at 1042.

\*       \*       \*

As to the third and final prong, a court must "consider whether the exercise of jurisdiction would otherwise comport with 'traditional notions of fair play and substantial justice.'" <u>O'Connor</u> v. <u>Sandy Lane Hotel Co.</u>, 496 F.3d 312, 324 (3d Cir.

---

[6]  A person can be liable as a perpetrator if, among other things, he "benefits, financially . . . from participation in a venture . . . knowing, or . . . in reckless disregard" of the trafficking that is occurring.  18 U.S.C. § 1591(a)(2).  Or he can be liable as a beneficiary if he "knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known" violated the statute.  18 U.S.C. § 1595(a).

2007) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

By this point in the test, "[t]he existence of minimum contacts [has] ma[de] jurisdiction presumptively constitutional." Id.

But if a defendant "present[s] a compelling case that the presence of some other considerations would render jurisdiction unreasonable,'" id., then a court should not exercise jurisdiction over the defendant.

Some things that can tip the scales: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." Miller Yacht Sales, 384 F.3d at 97; see generally Burger King, 471 U.S. at 477; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).

But as to this prong, the Defendant makes no argument. And there is nothing in the Complaint or in any other information put before the Court that, "for example, suggest[s] that defending this lawsuit in New Jersey would meaningfully impact the Defendant's operations or finances, or make it difficult for the Defendant to mount a robust defense." Rose, 2023 WL 8653924, at *4 (collecting cases).

Therefore, the Defendant has not made a "compelling case" that jurisdiction would be "unreasonable" here. O'Connor, 496 F.3d at 324. The "presumpt[ion]" that jurisdiction is constitutional here is left unrebutted. Id.

\*       \*       \*

In conclusion: exercising specific jurisdiction over the Defendant here would not be "clearly frivolous," Andover, 107 F.3d at 1042, and so jurisdictional discovery can go forward as to the Defendant.

The Defendant's motion to dismiss at ECF 26 is denied without prejudice.

IT IS on this 15th day of August, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

8